UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC DEXTER WELCH,
                Petitioner,        Case No. 2:13-cv-115
                                        (Criminal Case 2:10-cr-08
v.                                      HON. R. ALLAN EDGAR

UNITED STATES OF AMERICA,
                Defendants.
_____/

## OPINION AND ORDER

Petitioner Eric Dexter Welch, a federal prisoner, filed a petition for post-conviction relief under 28 U.S.C. § 2255 claiming violations of his Sixth Amendment right to effective assistance of counsel. On January 1, 2014, this Court issued an opinion and judgment dismissing his petition with prejudice. (Docket #40.) Petitioner filed a motion to vacate judgment, which this Court construes as a motion filed pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure. The crux of Welch's argument is that this Court committed a legal error by denying Welch the right to conduct discovery into his trial counsel's affidavit regarding his claim of ineffective assistance of counsel. The Court has carefully reviewed the arguments raised by Petitioner and will deny Petitioner's request for relief.

Motions to alter or amend judgment pursuant to Rule 59(e) "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Petitioner has provided no new evidence or arguments that provide for a vacated judgment.

Petitioner argues that he had a legal right to conduct discovery into his trial counsel's affidavit. Specifically, that Petitioner had a right to serve his trial counsel with interrogatories to clarify his affidavit. However, title 26 United States Code, Section 2246 provides that when affidavits are admitted "any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits." 26 U.S.C. § 2246. Although this Court denied service of interrogatories, Petitioner had the option to file an answering affidavit and did not. This is not to mention that the proposed interrogatories, aside from having little, if any, relevance to the claims of ineffective assistance

of counsel, made little sense and any response by trial counsel would have had no bearing on the ineffective assistance claim.

In lieu of vacating the judgment, Petitioner requests a certificate of appealability. A certificate of appealability should issue if the petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio,* 263 F.3d 466, 467 (6th Cir.2001). Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595 (2000). *Id.* This Court also notes that the length of the government's response has no bearing on whether Petitioner has met the *Slack* standard. (Welch's Reply Brief at 9.) Moreover, Petitioner's statement that "reasonable jurists coulddisagree [sic]," without more, is not sufficient to surmount *Slack's* formidable standard. (*Id.*) This Court has examined Petitioner's arguments under the *Slack* standard and finds that reasonable jurists could not find this Court's assessment of petitioner's argument debatable or wrong. The Court denies a certificate of appealability as to this issue.

This court has reviewed the arguments raised by Petitioner and finds no basis to alter or amend its previous judgment. For the reasons listed above petitioner's motion to vacate judgment is **DENIED** (Docket #45) and a request for certificate of appealability is **DENIED**.

**SO ORDERED**.

Dated:     8/27/2014            */s/ R. Allan Edgar*
                                R. Allan Edgar
                                United States District Court Judge