# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 27, 2015

 Mr. Howard Walton Anderson III
Law Office
P.O. Box 851
Clemsen, SC 29633

Mr. Paul D. Lochner
Office of the U.S. Attorney
1930 U.S. 41, W.
Second Floor
Marquette, MI 49855

Re:  Case No. 14-2286, *Eric Welch v. USA*
       Originating Case No. : 2:13-cv-00115

Dear Counsel:

    The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jeanine R. Hance on behalf of Michelle Davis
Case Manager
Direct Dial No. 513-564-7025

cc:  Ms. Tracey Cordes

Enclosure

No mandate to issue

No. 14-2286

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ERIC DEXTER WELCH,                          )
                                            )        ┌─────────────────────────┐
           Petitioner-Appellant,            )        │        **FILED**         │
                                            )        │     Mar 27, 2015         │
v.                                          )        │  DEBORAH S. HUNT, Clerk  │
                                            )        └─────────────────────────┘
UNITED STATES OF AMERICA,                   )
                                            )          O R D E R
           Respondent-Appellee.             )
                                            )
                                            )

        Eric Dexter Welch, a federal prisoner proceeding through counsel, appeals the judgment

of the district court dismissing with prejudice his motion to vacate, set aside, or correct sentence,

filed pursuant to 28 U.S.C. § 2255.   Welch has filed an application for a certificate of

appealability ("COA"), *see* Fed. R. App. P. 22(b)(1), and a motion to proceed in forma pauperis,

*see* Fed. R. App. P. 24(a)(5).   Welch's current counsel has filed a motion requesting that he be

appointed under the Criminal Justice Act if Welch's COA application is granted.

        In 2007, after receiving information that Welch was using the internet to solicit underage

girls for sex, the Michigan State Police set up a "sting" and arrested him when he arrived to meet

"Shannon," an alleged fourteen-year-old.   During a police interview, he consented to an

examination of his home computer.   The examination revealed images of child pornography.

Pursuant to a plea agreement in state court, Welch pleaded guilty to accosting a minor for

immoral purposes in violation of Michigan Compiled Laws § 750.145a.   The State of Michigan

did not charge him with a child pornography offense and agreed not to refer his case for federal

prosecution.  Welch's original computer and hard drive were destroyed after Welch pleaded guilty.

In 2008, during the course of another investigation, Immigrations and Customs Enforcement Agent Thomas Miller spoke with the Michigan State Police and requested an image of Welch's hard drive.  The state police forwarded to Miller Welch's case information and a "mirror image" hard drive that was created before Welch's original hard drive was destroyed.  A federal grand jury subsequently indicted Welch on possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Following a jury trial, Welch was found guilty and was sentenced to 168 months of imprisonment.  On appeal, counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  This court agreed that no arguable issues for appeal existed, granted counsel's motion to withdraw, and affirmed Welch's conviction and sentence.  *United States v. Welch*, No. 10-2677 (6th Cir. Oct. 20, 2011).

Welch then filed this § 2255 motion to vacate, pro se, alleging that trial counsel was ineffective for failing to file a motion to suppress: 1) the search warrant authorizing the forensic examination of his computer; 2) the mirror image hard drive; and 3) the mirror image drive on the basis of inadequate chain of custody.  Welch also argued counsel was ineffective for:  4) failing to present evidence or call witnesses to impeach other witnesses and to demonstrate obstruction of justice, witness tampering, and perjury; 5) advising Welch not to testify on his own behalf; and 6) failing to challenge the sufficiency of the indictment.  Finally, Welch asserted that he was actually innocent.  Given Welch's ineffective assistance claims, the district court granted a motion by the government for the disclosure of information subject to attorney-client privilege, and authorized trial counsel, Mark L. Dobias, to file a sworn affidavit responding to Welch's allegations—if he should choose to do so—by June 10, 2013.

On August 2, 2013, Welch moved to add an additional claim to his motion to vacate that he was erroneously sentenced to a mandatory minimum term of imprisonment.  The district court granted the motion and ordered the government to file its answer to the amended petition on or before October 7, 2013.

On October 1, 2013, Dobias filed his affidavit regarding Welch's ineffective assistance claims, which the district court accepted.  In response, Welch filed a motion to strike the affidavit as untimely, noting that neither Dobias nor the United States requested an extension of time for the affidavit to be filed.  The district court denied Welch's motion and granted the government's motion for an extension of time to file its answer.  After the government filed its answer and Welch filed a reply, the district court considered the parties' pleadings, and denied the § 2255 motion, concluding that it lacked merit and there was no need for an evidentiary hearing.

Through current counsel, Welch timely filed a motion to vacate judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), arguing that he should have been allowed discovery before the court denied his ineffective assistance claims on the basis of Dobias's untimely affidavit.  The motion requested that Welch be authorized to serve interrogatories on Dobias.  Alternatively, in lieu of relief from judgment, Welch requested a COA.  The district court denied the motion, concluding that it did not commit a legal error by denying Welch the right to conduct discovery into Dobias's affidavit.  The district court also denied Welch's request for a COA.

In his application to this court, Welch requests a COA only on the following issues:  1) whether the district court erred by accepting Dobias's belated affidavit—without an evidentiary hearing or discovery—and by denying Welch's claims that Dobias was ineffective for failing to allow Welch to testify and to file a motion to suppress the mirror image hard drive; and 2) whether the district court erred by denying his motion under Rules 59(e) and 60(b).  Because Welch has not addressed his remaining ineffective assistance claims or his claims regarding actual innocence or his mandatory minimum sentence, those claims are considered abandoned. *See Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002).

To obtain a COA, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted).  "[A] COA does not require a showing that the appeal

will succeed," *Miller-El*, 537 U.S. at 337; it is sufficient for a petitioner to demonstrate that "the issues presented are adequate to deserve encouragement to proceed further." *Savoca v. United States*, 567 F.3d 802, 803 (6th Cir. 2009) (citations omitted).

It is within the discretion of a district court whether or not to hold an evidentiary hearing on a § 2255 motion. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). "[T]he judge must review [the record] and any materials submitted [including any affidavits] . . . to determine whether an evidentiary hearing is warranted." 28 U.S.C. § 2255, Rule 8; *see also* Rule 7. A prisoner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Although the petitioner's burden to establish "entitlement to an evidentiary hearing is relatively light," it is not an abuse of discretion for a district court to deny a hearing if a petitioner's affidavit fails to contain "any statement raising a factual question regarding the effectiveness of his trial counsel." *Turner v. United States*, 183 F.3d 474, 476-77 (6th Cir. 1999).

To prevail on a claim of ineffective assistance, a § 2255 movant must prove both that counsel's assistance was deficient because it "fell below an objective standard of reasonableness," and that this deficient performance prejudiced the petitioner so seriously that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). As to the first prong, there is a "strong presumption" that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and a movant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689-90.

Welch first asserts that Dobias rendered ineffective assistance by advising him not to testify on his own behalf. The Sixth Amendment guarantees a defendant the constitutional right to testify. *Rock v. Arkansas*, 483 U.S. 44, 52 (1987). To ensure that a defendant receives adequate counsel, defense counsel must do more than merely inform the defendant of his right to testify and his option to waive that right; assuring that the defendant's decision is an informed

one necessitates that counsel discuss the strategic implications involved in the decision to testify. *Harrison v. Motley*, 478 F.3d 750, 756 (6th Cir. 2007).

Welch's defense at trial was that he was unaware that his hard drive had child pornography on it. According to Dobias's affidavit, he advised Welch not to testify because Welch would have been subject to cross-examination on the topic of his state conviction for accosting a child for immoral purposes, which would be relevant to his knowledge of possession of child pornography and would strengthen the government's case with respect to Welch's knowledge of the browsing history on his computer. Dobias averred that he advised Welch several times as to the expected consequences if he decided to testify. The district court determined that this was sound trial strategy and did not demonstrate ineffective assistance. Although the district court noted that Welch stated in his reply brief that Dobias never informed him of his right to testify—a statement not verified under penalty of perjury—the court was not persuaded by Welch's "self-serving" allegations.

Reasonable jurists would not debate the district court's conclusion. A defendant's choice not to testify may be relinquished by a "knowing and intentional" waiver. *United States v. Webber*, 208 F.3d 545, 550-51 (6th Cir. 2000).

> [W]hen a tactical decision is made not to have the defendant testify, the defendant's assent is presumed, and if a defendant disagrees with this decision, he must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand.

*Goff v. Bagley*, 601 F.3d 445, 471 (6th Cir. 2010) (citing *Webber*, 208 F.3d at 550-51 (internal quotation marks omitted)). In this case, Welch never informed the trial court that he wished to testify or disagreed with Dobias's advice. Thus, his assent is presumed. *Webber*, 208 F.3d at 551. Further, reasonable jurists would not debate that Welch's unverified claim in his reply brief that Dobias never informed him of the right to testify was insufficient to overcome the presumed waiver. Additionally, because this claim does not present a factual dispute, the district court was not required to order an evidentiary hearing before denying it. *See Turner*, 183 F.3d at 477.

In his COA application, Welch accepts that Dobias did not want him to be cross-examined regarding his prior conviction, but argues that Dobias was ineffective for failing to file a motion in limine to exclude the facts of the conviction. This argument is unavailing. First, this court's precedent reflects that Welch's state conviction would have been relevant to his federal child pornography possession charge, *see United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006), and relevant to demonstrate his sexual interest in children as well as his lack of mistake or accident in searching for child pornography on his home computer, proper purposes under the Federal Rules of Evidence. *See* Fed. R. Evid. 404(b). Further, there is no indication that the district court would have excluded the conviction on the basis it was more prejudicial than probative. Second, Welch himself admits that, even if the facts of the prior conviction were excluded through a successful motion in limine, his own testimony could have made them admissible if he "opened the door" to the evidence on cross-examination. This admission emphasizes the reasonableness of Dobias's strategic decision to advise Welch not to testify, given that any misstatement could have been damaging to his defense.

Finally, reasonable jurists could not debate that an evidentiary hearing was not warranted on Welch's claim in his COA application that trial counsel allegedly informed him that a mistrial would occur if he attempted to testify at trial. A review of Welch's affidavit, attached to his § 2255 motion, does not contain an averment that Dobias made such a statement. This claim does not deserve encouragement to proceed further.

Welch next claims that Dobias was ineffective for failing to file a motion to suppress evidence obtained from the mirror image drive. Welch argued in his § 2255 motion that the chain of custody was in question, the drive should have been excluded on due process grounds because his plea agreement with the state required the destruction of the hard drive and a promise not to refer Welch for federal prosecution, and a copied image of the drive was not the "best evidence." Because the district court determined that a motion to suppress on these grounds would not have been successful, Dobias's performance was not deficient.

Reasonable jurists would not debate the district court's conclusion. Regarding the chain of custody, although it does appear that an incident report was misnumbered, the record does not support a claim that these conflicting incident numbers resulted in a break in the chain of custody. In particular, the receipt of the evidence by Agent Miller states that the property was seized from "Eric Dexter Welch" and lists two hard drives: Seagate 250 GB, serial number 5QF290KT, and Western 20 GB, serial number WMAAR1633475, serial numbers which are identical to those listed on a Michigan State Police Evidence Drive List with the proper incident report number. Thus, no basis existed for a motion to suppress on the grounds that the chain of custody was compromised. In any event, issues regarding chain of custody relate to the weight of the evidence, not admissibility. *See United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010).

Welch's arguments that the mirror image drive should have been suppressed because his right to due process was violated by the Michigan State Police also fail. Any action—or inaction—by Michigan authorities did not provide a basis to suppress the evidence collected by a federal agent and admitted in federal court. Additionally, the federal government was free to prosecute Welch because, as this court noted on direct appeal, Welch's state plea agreement did not bind the federal government. *Welch*, No. 10-2677. Welch's arguments regarding suppression based on the "best evidence" rule also fail, as they are based on his claims regarding chain of custody and retention of the copied drive. Moreover, because the district court's conclusion that Welch did not demonstrate a basis to suppress the mirror image drive was a legal, and not factual, finding, no evidentiary hearing was warranted.

Finally, reasonable jurists would not debate the district court's denial of Welch's motion filed under Rules 59(e) and 60(b). If Welch's motion were considered under Rule 59(e), it was subject to dismissal because he sought to present new and additional arguments that could have been raised prior to judgment. This court has repeatedly held that Rule 59(e) motions cannot be used in such a manner. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th

Cir. 1998).  Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." *Sault Ste. Marie Tribe*, 146 F.3d at 374.

If considered as a Rule 60(b) motion, it was likewise subject to dismissal, as it did not present exceptional circumstances that warranted relief.  *See* Fed. R. Civ. P. 60(b)(6).  First, the district court's acceptance of Dobias's affidavit, filed after the court's imposed deadline, was not improper because a district court has broad discretion under the rules of civil procedure to control its docket.  *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).   Second, Welch failed to show "good cause" that he was entitled to discovery.  *See Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Rather, as the district court concluded, Welch's proposed interrogatories had little, if any, relevance to the claims of ineffective assistance raised in his § 2255 motion.  In addition, the district court noted that, although it had denied the request to file interrogatories, Welch had been free to file an affidavit in response to Dobias's, but he did not do so.  Because Welch failed to make a showing of good cause that discovery was necessary, he failed to establish that he was entitled to relief from judgment.

Welch's application for a COA is denied.  His motion for the appointment of counsel is also denied.  His motion to proceed in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk